UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY STRONGBEAR LAKOTA,<br><br>Plaintiff,<br><br>v.<br><br>T. ALLEN, et al.,<br><br>Defendants. | Case No. 22-cv-04304-TLT<br><br>**ORDER REOPENING CASE;**<br>**OF SERVICE** |

Plaintiff, a prisoner at Salinas Valley State Prison (SVSP), filed a pro se complaint under 42 U.S.C. § 1983 alleging that a number of SVSP medical and correctional staff failed to prevent a COVID-19 outbreak, during which plaintiff became infected, and failed to provide him appropriate treatment for COVID-19 and subsequent pneumonia. ECF 1. He also alleged that various SVSP correctional defendants failed to protect him from extortion and assault by other prisoners. *Id.* The Court dismissed plaintiff's complaint with leave to amend to include only related claims. ECF 6. In the absence of an amended complaint, the Court subsequently dismissed the case without prejudice and entered judgment for defendants. ECF 8, 9. The Court subsequently learned from plaintiff's letter that plaintiff had intended to file an amended complaint in this case that was not docketed as such because he did not include the case number. *See* ECF 10, 11. Plaintiff's First Amended Complaint (FAC) has now been docketed at ECF 11. The Court hereby REOPENS the case, and the FAC is now before the Court for screening pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Allegations

Plaintiff's FAC alleges that on December 13, 2020, ten prisoners tested positive for COVID-19 at SVSP and were released for yard recreation rather than isolated. ECF 11 at 4. As a result, there was a mass outbreak in building 4 that caused plaintiff to become infected. He alleges that A. Halstead, SRN II, and G.R. Padilla, CEO "are directly responsible . . . for failing to perform their medical duties to lock down and isolate the infected environment." *Id.*

Plaintiff alleges that Nurse Nancy (Serrato) and Officer Covarrubias took no action when he informed them he was infected with COVID-19, and discouraged him from submitting a 7362 medical request form. The Jane Doe nurse doing temperature checks also took no action after taking plaintiff's temperature at 104 degrees. Plaintiff missed his medication for 11 days due to

incapacitation from COVID and "was essentially left for dead." *Id.* at 5. Plaintiff submitted a 7362 to defendant Su on December 24, 2020, telling him that he could not breathe, but defendant Su refused to help. He also asked defendant nurse Serrato for help the next morning, and she took no action. Defendant Serrato informed plaintiff that defendant Su was throwing away his 7362 forms. Plaintiff asked defendant nurse Kauffman for help on January 5, 2021, but she refused to press the alarm, in part at the instruction of defendant Covarrubias. On January 6, plaintiff went man down. *Id.* at 6. Defendant nurse John Doe responded after 10 minutes and told plaintiff to use his inhaler, "leaving [him] gasping for air."

After collapsing in the pill call line, plaintiff was taken to treatment and triage (TTA), where x-rays of his lungs showed pneumonia. The defendant TTA doctor John Doe 2 prescribed antibiotics and refused plaintiff "any form of breathing treatment." Defendant doctor John Doe 1 also refused to provide plaintiff with oxygen or any breathing assistance. Both doctors committed medical malpractice and were deliberately indifferent, as post-COVID pneumonia is viral pneumonia that is not responsive to antibiotics, and should have been treated with oxygen. Neither doctor tested plaintiff to find out what kind of pneumonia he had. *Id.*

In May of 2022, while in the administrative segregation unit at Mule Creek State Prison (MCSP), he was sent to a lung expert at Stockton Hospital, who determined that he has permanent lung damage resulting from his COVID infection and pneumonia. *Id.* at 7.

Plaintiff alleges that defendants Halstead, Padilla, Serrato, Covarrubias, Su, Kauffman, Nurse Jane Doe, Nurse John Doe, Doctor John Doe 1, and Doctor John Doe 2 violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs. He seeks declaratory relief and monetary damages. *Id.* at 10.

**C.    Analysis**

As plaintiff has made no allegations against defendant Warden Allen, he is DISMISSED.

Liberally construed, plaintiff's complaint states an Eighth Amendment claim against defendants Halstead and Padilla for deliberate indifference to his safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to

3

abate it). Plaintiff also states an Eighth Amendment claim against the remaining defendants for failing to provide, or preventing him from receiving, constitutionally adequate medical care.

Although the use of "Doe" to identify a defendant is not favored in the Ninth Circuit, see *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the Ninth Circuit directs district courts to give the plaintiff an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See id*. Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999); *see also Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) (abuse of discretion to deny plaintiff an opportunity to amend to name correct defendants). Plaintiff has presented sufficient allegations against Nurse Jane Doe, Nurse John Doe, and Doctors John Doe 1 and 2, and it appears that the identity of these defendants could be determined through discovery as there are precise dates and locations where the incidents involving them occurred. It is plaintiff's responsibility to use discovery to identify the Doe defendants by name once the other defendants have been served. Plaintiff shall identify the Doe defendants by the time his opposition to defendants' dispositive motion is due. If he does not identify the Doe defendants by that time, they will be dismissed.

## CONCLUSION

1. The Clerk shall VACATE the Order of Dismissal and related judgment (ECF 8 and 9) and REOPEN the case.

2. Defendant T. Allen is DISMISSED.

3. The Court ORDERS that service on the following defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in the CDCR's custody:

    a. A. Halstead, SVSP Senior Registered Nurse II

    b. G.R. Padilla, SVSP Chief Executive Officer

    c. L.V.N. Kaufmann

        d.   L.V.N. Serrato

        e.   L.V.N. Su

        f.   Correctional Officer Covarrubias

In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (ECF 11), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form. The Clerk shall provide to the USMS the completed USM-285 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by

5

the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

  6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

1  If defendants are of the opinion that this case cannot be resolved by summary judgment,
2  they shall so inform the Court prior to the date the summary judgment motion is due. All papers
3  filed with the Court shall be promptly served on plaintiff.
4        b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court
5  and served on defendants no later than **twenty-eight (28) days** after the date on which
6  defendants' motion is filed.
7        c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of
8  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
9  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
10 be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
11 any fact that would affect the result of your case, the party who asked for summary judgment is
12 entitled to judgment as a matter of law, which will end your case.  When a party you are suing
13 makes a motion for summary judgment that is supported properly by declarations (or other sworn
14 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
15 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
16 as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
17 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
18 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
19 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
20 F.3d at 962-63.
21 Plaintiff also is advised that—in the rare event that defendants argue that the failure to
22 exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
23 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
24 prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
25 exhaust your available administrative remedies before coming to federal court.  Such evidence
26 may include: (1) declarations, which are statements signed under penalty of perjury by you or
27 others who have personal knowledge of relevant matters; (2) authenticated documents—
28 documents accompanied by a declaration showing where they came from and why they are

7

1    authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements
2    in your complaint insofar as they were made under penalty of perjury and they show that you have
3    personal knowledge of the matters state therein.  As mentioned above, in considering a motion to
4    dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment
5    motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed
6    issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

7    (The notices above do not excuse defendants' obligation to serve similar notices again
8    concurrently with motions to dismiss for failure to exhaust available administrative remedies and
9    motions for summary judgment.  *Woods*, 684 F.3d at 935.)

10       d.   Defendants shall file a reply brief no later than **fourteen (14) days** after the
11   date plaintiff's opposition is filed.

12       e.   The motion shall be deemed submitted as of the date the reply brief is due.
13   No hearing will be held on the motion unless the Court so orders at a later date.

14   7.   Discovery may be taken in this action in accordance with the Federal Rules of Civil
15   Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose
16   plaintiff and any other necessary witnesses confined in prison.

17   8.   All communications by plaintiff with the Court must be served on defendants or
18   their counsel, once counsel has been designated, by mailing a true copy of the document to them.

19   9.   It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
20   informed of any change of address and must comply with the Court's orders in a timely fashion.
21   Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes
22   while an action is pending must promptly file a notice of change of address specifying the new
23   address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail
24   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2)
25   the Court fails to receive within sixty days of this return a written communication from the *pro se*
26   party indicating a current address.  *See* L.R. 3-11(b).

27   //
28   //

8

1  10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: November 6, 2023

_____
TRINA L. THOMPSON
United States District Judge